UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                  CASE NUMBER:
JUDY HARRISON TILLERY-BUGGS                          17-04230-5-DMW
(aka: JUDY H BUGGS)                                              CHAPTER 13
DEBTOR(S)

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

NOW COMES, the Trustee in the above referenced Chapter 13 case and moved the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion. In support of this Motion, the Trustee says unto the Court the following:

1.      That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on SEPTEMBER 28, 2017 or has (have) supplied answers to written interrogatories:

2.      The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B), and Interim Bankruptcy Rule 1007, and Rule 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3.      There are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4.      The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5.      The Debtor(s) shall pay to the Trustee aggregate payments of $36,564.00, which amount is the "Plan Base," and such payments shall be paid as follows: 6 MONTHS @ $451.00; 54 MONTHS @ $627.00. The Debtor's applicable commitment period under 11 U.S.C. § 1325(b)(4) is 36 months.  The Debtor's plan shall not end prior to completion of the applicable commitment period unless all allowed general unsecured claims have been paid in full.  The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the Court and all required thereby to be paid by the Debtor(s). The Debtor(s) must pay the Plan Base to the Trustee for distribution under the terms of the confirmed Plan before a discharge may be entered;

6.      The Plan established a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool" as provided for in 11 U.S.C. §1325(b)(1)(B). The Plan established the Unsecured Pool in this case as $0.00. After satisfaction of all allowed priority and administrative claims, unsecured creditors shall receive their *pro rata* portion of any funds remaining in the Unsecured Pool;

7.      This case satisfies the requirements of §1325(a)(4) (commonly known as the liquation test).

8.      Since various factors, including but not limited to periodic fluctuation of the Trustee's commission during the course of this case, may affect the amount of funds in the Unsecured Pool available for distribution to unsecured creditors, the Unsecured Pool shall be increases by the "base" amount not needed to satisfy allowed secured, priority, and administrative claims (including the Trustee's commission);

9.       Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed before on or before DECEMBER 27, 2017 shall be disallowed. Claims of governmental units, proofs of which are not filed before FEBRUARY 26, 2018 shall be disallowed.

10.      Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law. The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in paragraph 12 below;

11.      *No real estate creditor shall ever assess, charge or collect, from either the debtor or the real estate collateral, any assessments, fees, costs, expenses or any other monetary amounts, exclusive of principal, interest, taxes and insurance, that arose from the date of the filing of the bankruptcy petition to the entry of the Order of Discharge except as may be allowed by court order or an allowed proof of claim. This does not apply to the right of a Homeowner's Association to assess, charge or collect post-petition assessments, fees, costs, expenses, or other monetary amounts for obligations due from the Debtor(s) to the Homeowner's Association post-petition in accordance with the contract between such parties or restrictive covenants applicable to the real property of the debtor(s) and applicable law.*

12.      The claims of the following secured creditors shall be paid in the amount set out below. The amount shown has been adjusted to account for any adequate protection payment(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan. All adequate protection payments are applied to reduction of the principal amount of the creditor's claim. With respect to claims listed below for which the terms of repayment are listed as: "Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief. With respect to claims for which the collateral is described as "Arrears," the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment." The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date. With respect to claims listed below for which the terms of repayment are listed as: "Surrender," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property "for cause" under 11 U.S.C. §362(d)(1), and, if applicable, the co-debtor stay of 11 U.S.C. § 1301(a) shall thereupon also be lifted and modified with respect to such property pursuant to 11 U.S.C. § 1301(c)(2), as allowed by Local Rule 4001-1(b). If "Scheduled" appears next to or below "Amount," below, such notation indicates that no claim has been filed by or on behalf of the Creditor. In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002, and 5005, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12). Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection. The amount shown as "monthly payment" is the average amount the creditor will receive each month during the life of the plan. Numerous variables (such as payment of attorney's fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.) make determination of an exact monthly payment to be disbursed each month impossible. The creditor's allowed claim will be paid within the term stated.

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 1-REGIONAL ACCEPTANCE | 2007 MERCURY | $5,775.00-SECURED | 6.25% INT. WITHIN 60 MONTHS ($117.36 PER MONTH) |
| | | $288.13-UNSECURED | PRO RATA WITHIN 60 MONTHS |
| 24-PENSIONS ANNUITIES & SETTLEMENT | CO-DEBTOR PROTECT | $8,000.00-UNSECURED SCHEDULED AMT. | 6.00% INT. WITHIN 60 MONTHS. NO POC FILED |

13.     The following creditors have filed secured proofs of claim, but due to the value placed on the collateral, the claims will be treated as unsecured and paid with the other unsecured claims;

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| NONE | | | |

14.     The Treatment of claim indicated in paragraphs 12 and 13 above is based on information known to the Trustee at the time of the filing of this Motion.  The treatment of some claims may differ from that indicated if subsequent timely filed claims or amended claims require different treatment;

15.     The following executory contracts and unexpired leases shall be either assumed or rejected as indicated below. With respect to any such contract or lease which is "Rejected," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of 11 U.S.C. § 362(a) shall be lifted and modified with respect to such agreement and any property held by the creditor or lessor, included but not limited to any security deposit "for cause" under 11 U.S.C. §362(d)(1), and, if applicable, the co-debtor stay of 11 U.S.C. §1301(a) shall also be lifted and modified with respect to such agreement and any property held by the creditor or lessor, including but not limited to any security deposit pursuant to 11 U.S.C. §1301 (c)(2).

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| 47-VERIZON | CELL CONTRACT | ASSUMED |

16.     Priority claims shall be paid in full over the term of the Plan;

17.     That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;

18.     That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, that automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A). Should any creditor object to the foregoing, then the property related to such creditors claim of the subject of such objection shall not vest in the Debtor(s) but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);

19.     That the attorney for the Debtor(s) is requesting compensation for services in the amount of $4,950.00 plus costs advanced of  $0.00, as reflected in the Rule 2016 Disclosure of Compensation (or Amended Disclosure, if applicable) filed with the Court, of which $200.00 was paid to counsel prior to filing.  The Trustee recommends to the Court a fee of $4,950.00, plus costs advanced of $0.00, for a sum of $4,750.00 to be paid to counsel through the plan.  If the amount recommended to be paid is different from that requested, an explanation can be found in Exhibit "A".

DATED: <u>FEBRUARY 7, 2018</u>

<u>/s/ John F. Logan</u>
John F. Logan
Standing Chapter 13 Trustee
NC State Bar No. 12473
PO Box 61039
Raleigh, NC  27661-1039

Revised 04/19/16

EXHIBIT "A"

NAME OF DEBTOR(S): JUDY HARRISON TILLERY-BUGGS   CASE NUMBER: 17-04230-5-DMW

|  | | GROSS INCOME: |
|---|---|---|
| EMPLOYMENT:   Debtor:  SSI | | $1,691 |
| RETIREMENT | | $1,156 |

BUSINESS:                    NON-BUSINESS:  X

Prior Bankruptcy Cases: Yes: X   No:
If so, Chapter 13 filed: 09/05/14          Disposition: DISMISSED 12/15/16

Real Property:  (Brief Description:  Ex - H&L, mobile home, etc)
Description:  NONE

| FMV | $ | | Date Purchased | |
|---|---|---|---|---|
| Liens | $ | | Purchase Price | $ |
| Exemptions | $ | | Improvements | $ |
| Equity | $ | | Insured for | $ |
| Rent | $650 | | Tax Value | $ |

Tenants by Entirety:  Yes ()     No ()

COMMENTS:

Attorney Fees and Costs Advanced*
Requested:          $4,950.00(excluding filing fee)
Costs Advanced:    $     0.00
Paid:              $  200.00 (excluding filing fee)
Balance:           $4,750.00

Trustee's Recommendation: $4,950.00 plus $0.00
Comments:   JOHN T. ORCUTT
*Costs Advanced include expenses such as  Filing Fee, Credit Reports, Credit Counseling Expenses, and Judgment searches, as itemized on the Rule 2016 Disclosure (or Amended Rule 2016 Disclosure, if filed)

| Plan Information: After 341 | | | | | Payout % After 341 | |
|---|---|---|---|---|---|---|
| Total Debts | $28,067 | Pay in | $36,564 | | Priority | 100% |
| Priority | $11,732 | Less 8% | $ 2,918 | | Secured | 100% |
| Secured | $ 6,084 | Requested | | | Unsecured | 55% |
| Unsecured | $ 2,251 | Atty fee | $ 4,750 | | Joint | 0% |
| Joint Debts | $     0 | Available | $28,896 | | Co-Debts | 100% + 6% INT. |
| Co Debts | $ 8,000 | | | | | |

Annual Review:        Yes:  () No: (X)
Payroll Deduction:    () Yes    (X) No

Objection to Confirmation:    Yes ()   No (X)
Pending:
Resolved:

Motions Filed:        Yes () No (X)
If so, indicate type and status:
Hearing Date:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA


IN RE:                                                    CASE NUMBER:
JUDY HARRISON TILLERY-BUGGS                               17-04230-5-DMW
                                                         CHAPTER 13
       DEBTOR(S)

### NOTICE OF MOTION FOR CONFIRMATION OF PLAN

John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before MARCH 7, 2018 you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 791
Raleigh, NC  27602

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| JOHN F. LOGAN | JUDY HARRISON TILLERY-BUGGS | JOHN T. ORCUTT |
|---|---|---|
| CHAPTER 13 TRUSTEE | PO BOX 774 | LAW OFFICES OF JOHN T. ORCUTT |
| PO BOX 61039 | ROCKY MOUNT, NC 27802 | 6616-203 SIX FORKS ROAD |
| RALEIGH, NC  27661-1039 | | RALEIGH, NC 27615 |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

DATED: FEBRUARY 7, 2018

  /s/ John F. Logan
John F. Logan, Chapter 13 Trustee
PO Box 61039
Raleigh, NC  27661-1039
(919) 876-1355

# CERTIFICATE OF SERVICE

DEBTOR 1 NAME: JUDY HARRISON TILLERY-BUGGS                    CASE NUMBER: 1704230
DEBTOR 2 NAME:

I _____Robert J Wallace, Jr._____ certify under penalty of perjury that I have served the attached document on the below
listed entities in the manner shown on ___2/7/2018___ :

Via Electronic Delivery:

LAW OFFICES OF JOHN T. ORCUTT,ATTN: JOSH HILLIN,6616-203 SIX FORKS ROAD,RALEIGH NC 27615

Via U.S. First Class Mail, or electronic service, if such interested party is an electronic filing user,
pursuant to Local Rule 5005-4(9)(b):

AMERI LOAN,ATTN: MANAGING AGENT2128 N 14TH ST,STE. 1 BOX 130,PONCA CITY OK 74601
BOICE WILLIS CLINIC,901 NORTH WINSTEAD AVENUE,PO BOX 7200,ROCKY MOUNT NC 27804-7200
CAPITAL BANK,ATTN: MANAGING AGENT,ONE CHURCH STREET,ROCKVILLE MD 20850
CAPITAL ONE,PO BOX 5253,CAROL STREAM IL 60197
CAPITAL ONE,PO BOX 71083,CHARLOTTE NC 28272
CAROLINA RADIOLOGY ASSOC., LLC,PO BOX 51030,MYRTLE BEACH SC 29579
CAROLINA RADIOLOGY CONSULTANTS,PO BOX 12156,NEWPORT NEWS VA 23612
CASH JAR,PO BOX 2822,MONROE WI 33102
DAMIENNE TILLERY,6862 HAWTHORNE STREET,HYATTSVILLE MD 20785
EMERGENCY COVERAGE CORP.,PO BOX 1123,MINNEAPOLIS MN 55440
FINANCIAL DATA SYSTEMS, LLC,PO BOX 688,WRIGHTSVILLE BEACH NC 28480
FINANCIAL DATA SYSTEMS,1638 MILITARY CUTOFF RD,WILMINGTON NC 28403
FIRST PREMIER BANK,PO BOX 5524,SIOUX FALLS SD 57117-5524
HAROLD & ASSOCIATES,ATTN: MANAGING AGENT,3769 SUNSET AVE,ROCKY MOUNT NC 27804
HCFS HEALTHCARE FINANCIAL SERVICES,ALCOA BILLING CENTER,3429 REGAL DR.,ALCOA TN 37701-3265
HRRG,ATTN: MANAGING AGENT,PO BOX 8486,POMPANO BEACH FL 33075
INTERNAL REVENUE SERVICE,ATTN:  CORRESPONDENCE/INSOLVENCY 1,PO BOX 7346,PHILADELPHIA PA 19101-7346
INTERNAL REVENUE SERVICE,ATTN:  MANAGER OR REG. AGENT,PO BOX 7317,PHILADELPHIA PA 19101-7317
JUDY HARRISON TILLERY-BUGGS,PO BOX 774,ROCKY MOUNT NC 27802
KEVIN B. WILSON,ATTORNEY AT LAW,PO BOX 24103,CHATTANOOGA TN 37422
NASH AMBULANCE SERVICE,PO BOX 2425,ROCKY MOUNT NC 27802
NASH UNC HEALTH CARE,2460 CURTIS ELLIS DRIVE,ROCKY MT NC 27804
NASH X RAY ASSOCIATES, PA,131 ROUNDABOUT COURT,PO BOX 7946,ROCKY MOUNT NC 27804-0946
NATIONAL MAGAZINE EXCHANGE,PO BOX 9083,CLEARWATER FL 33758-9083
NATIONWIDE RECOVERY SYSTEMS,545 INMAN STREET,CLEVELAND TN 37311
NATIONWIDE RECOVERY SYSTEMS,ATTN: BK DEPT.,PO BOX 702257,DALLAS TX 75370
NC DEPARTMENT OF REVENUE,ATTN:  OFFICER,PO BOX 1168,RALEIGH NC 27602-1168
NC DEPARTMENT OF REVENUE,C/O NC DEPARTMENT OF JUSTICE,PO BOX 629,RALEIGH NC 27602-0629
NC INPATIENT MEDICINE,PO BOX 52007,ATLANTA GA 30355
NORTH CAROLINA IMPATIENT MED,PO BOX 96368,OKLAHOMA CITY OK 73143
NORTH SHORE AGENCY,PO BOX 9221,OLD BETHPAGE NY 11804
ONE CLICK CASH,52946 HWY 12 SUITE 3,NIOBRARA NE 68760
PENSIONS ANNUITIES & SETTLEMENT,ATTN: MANAGING AGENT,18300 VON KARMAN AVE,STE. 410 IRVINE CA 92612
PORTFOLIO RECOVERY ASSOCIATES, LLC,PO BOX 12914,NORFOLK VA 23541
RALEIGH MEDICAL GROUP,3521 HAWORTH DRIVE,RALEIGH NC 27609
RALEIGH MEDICAL GROUP,ATTN: MANAGING AGENT,PO BOX 18563,RALEIGH NC 27629
REGIONAL ACCEPTANCE CO,ATTN: MNG AGT,1514 WOODLAWN DR,BALTIMORE MD 21207
REGIONAL ACCEPTANCE CORPORATION,BB&T servicing account on behalf,BANKRUPTCY SECTION 100-50-01-51,PO BOX 1847 WILSON NC 27894
RJM ACQ LLC,575 UNDERHILL BLVD,STE 224,SYOSSET NY 11791

By Electronic Transmittal :
By Fax :

I certify that I have prepared the Certificate of Service and that it is a true and correct copy to the best of my knowledge, information
and belief.

Date :____2/7/2018_____          Signature : _____*Robert J. Wallace, Jr.*_____

Premium Graphics, Inc.
2099 Thomas Road Suite 10
Memphis, TN 38134

# CERTIFICATE OF SERVICE

DEBTOR 1 NAME: JUDY HARRISON TILLERY-BUGGS                    CASE NUMBER: 1704230

DEBTOR 2 NAME:

I _____Robert J Wallace, Jr._____ certify under penalty of perjury that I have served the attached document on the below listed entities in the manner shown on ___2/7/2018___ :

RJM ACQUISITIONS, LLC,PO BOX 12023,HAPPAUGE NY 11788-2023
ROCKY MOUNT FAMILY MED CENTER,804 ENGLISH RD, STE 100,ROCKY MOUNT NC 27804
SKO BRENNER AMERICAN, INC,POST OFFICE BOX 230,FARMINGDALE NY 11735-0230
SPRINT,WILLIAMSON & BROWN, LLC,4691 CLIFTON PARKWAY,HAMBURG NY 14075
ST. ARMANDS SERVICES LLC,PO BOX 411056,KANSAS CITY MO 64141
UNC HEALTH CARE,PATIENT FINANICAL SERVICES,200 EASTOWNE DRIVE,CHAPEL HILL NC 27514
VERIZON WIRELESS,PO BOX 26055,MINNEAPOLIS MI 55426-6255
WELLS FARGO CARD SERVICES,PO BOX 9210,DES MOINES IA 50306
WFB CD SVC,PO BOX 3696,PORTLAND OR 97208
WILSON MEDICAL CENTER,ATTN: MNG AGT,PO BOX 602562,CHARLOTTE NC 28260-2562

By Electronic Transmittal :
By Fax :

I certify that I have prepared the Certificate of Service and that it is a true and correct copy to the best of my knowledge, information and belief.

Date : ___2/7/2018___          Signature : _____

Premium Graphics, Inc.
2099 Thomas Road Suite 10
Memphis, TN 38134